WESTERN DIST.
*October*, 1840.

LAMBETH ET AL.
*vs.*
PETROVIC

tiff *must prove* his demand ; and not having done so the judgment will be reversed, and the case remanded.

</div>

---

## LAMBETH ET AL. *vs.* PETROVIC.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, FOR THE PARISH OF NATCHITOCHES, THE JUDGE OF THE SEVENTH PRESIDING.

Where there is no absolute promise to pay by the endorser, with a full knowledge of the want of notice, which in law creates a new obligation, he is not bound.

So, where the endorser admitted his liability, after the note was due and protested ; and said that time given to the maker of the note should not affect his liability ; but it appeared he was in reality not liable at the time, for want of due notice of protest : *Held*, that his acknowledgment ·did not bind him.

This is an action against the defendant, as endorser of a promissory note. The plaintiffs allege that the note was presented for payment at maturity, where it was made payable, and protested for non-payment, and due notice given to the endorsers.

The defendant admitted his signature, but denied all the other allegations in the petition. He further averred, that the plaintiffs prosecuted the principal debtor or maker of the

WESTERN DIST.
October, 1840.

LAMBETH ET AL.
vs.
PETROVC.

note to judgment, but gave a prolongation of time by allowing payment thereof to be made by instalments ; and by reason of which the defendant is released from all liability.

The plaintiffs offered the note and protest in evidence. The attorney who brought the suit declared, on oath, that the defendant came to him before suit against Vawter, the maker of the note, and requested him to institute suit on the note, which he (defendant) admitted he was liable as endorser, and stated that time being granted to Vawter, should not affect in any manner his liability as endorser. That several times within the last year, he asked witness what could be made out of Vawter, and in the meantime, uniformly admitted his liability as endorser. That defendant gave him a memorandum of the note, the amount and endorsement, on which he brought suit.

The defendant produced the record of the suit, and judgment against Vawter, which was confessed, with stay of execution for one-half of said amount, for one year from the first of June, 1837, &c. ; and for two years, for the other half, &c. There was no notice of protest given to the endorser. Upon this evidence there was judgment for the plaintiffs, and the defendant appealed.

*Ogden*, for the plaintiffs, urged the affirmance of the judgment. The defendant admitted his liability after the note was protested, and acknowledged that any prolongation of time given the principal in the note, should not affect or release him from his liability. He promised to pay absolutely, in case the maker did not pay.

*Sherburne*, contra, insisted that the defendant was released by the prolongation of time given the maker of the note. The defendant could not be placed in a worse condition by any act afterwards done. The confession of judgment, and prolongation of time given for the payment, released the endorser. If he made any promise to pay, it was under the supposition that he was bound, when he was not for want of notice.

*Morphy, J.,* delivered the opinion of the court.

LAMBETH ET AL.
*vs.*
PETROVIC.

Defendant, being sued as endorser of a promissory note, drawn to his order by one David Vawter, answered that he had never been liable as such, and that if any liability ever existed, it had been entirely released and discharged by the act of the plaintiffs, who had granted an extension of time to the maker. Judgment was rendered in favor of the plaintiffs; after a fruitless attempt to obtain a new trial, the defendant appealed

The record shows that suit was first brought against the maker D. Vawter, and that upon his confessing judgment, he was allowed by plaintiffs a stay of execution of one and two years. The plaintiffs attorney at law, testifies that the defendant came to him, previous to the inception of the suit against Vawter, and requested him, as counsel for the plaintiffs, to institute suit on the note, and admitted he was liable as endorser; and further, the defendant stated that time being granted to Vawter, should not affect in any way his liability as endorser : and that several times within the last year, the defendant asked him what could be made out of Vawter ; uniformerly admitting his liability as endorser on the note. He adds, that the defendant gave him, not the note itself, but a memorandum of the note, on which he brought suit against Vawter. The note was protested in New-Orleans, and no evidence whatever is to be found in the record of any attempt to notify the defendant, who is a resident of the parish of Natchitoches. The plaintiffs rely entirely for their success on the subsequent promise to pay, which they say must be inferred from the conduct of the defendant, and his frequent admissions of liability. Had regular notice of protest been proved, the evidence might have sufficed to debar the defendant from any means of defence he might attempt to found on the extension of time granted to the maker ; but we cannot see in it any promise to pay the note. If any can be inferred, at all, it is certainly not that absolute promise, made with a full knowledge of the want of notice, which in law creates a new obligation. The steps taken by

Where there is no absolute promise to pay by the endorser, with a full knowledge of

WESTERN DIST.
October, 1840.

the want of notice, which in law creates a new obligation, he is not bound. So, where the endorser admitted his liability after the note was due and protested, and said that time given to the maker of the note should not affect his liability; but it appears he was not liable at the time, for want of due notice of protest: *Held*, that his acknowledgment did not bind him.

defendant to have a judgment obtained against the maker, and his admissions of liability, show that he believed the notice to have been regularly put in the post-office in New-Orleans, though not received by him. An endorser may well, under an ignorance of the facts, consider himself liable when he is not, because notices need not be personally served. It is true that affirmative proof of an endorser's knowledge in such cases is not required, and may be inferred from the attending circumstances: but in the present case, we see nothing from which it can be reasonably inferred that the defendant had any knowledge that he was discharged from liability by want of notice. *Bayley on Bills*, p. 297 and following : 12 *Louisiana Reports*, 467. 13 *Idem.*, 420. 3 *Kent's Commentaries*, 113.

It is, therefore, ordered, that the judgment of the District Court, be annulled, avoided and reversed, and that ours be for the defendant, as in a case of non-suit ; the plaintiffs and appellees paying costs in both courts.